**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2058-17T4

CHRISTA GROSS,

    Plaintiff-Appellant,

v.

FOTINOS ENTERPRISES,

    Defendant-Respondent.

_____

Argued September 18, 2018 - Decided October 1, 2018

Before Judges Currier and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3354-15.

Robert J. Hobbie argued the cause for appellant (Hobbie, Corrigan & Bertucio, PC, attorneys; Robert J. Hobbie, of counsel and on the briefs).

Meagan McElroy Nardone argued the cause for respondent (Lamb Kretzer, LLC, attorneys; Meagan McElroy Nardone, on the brief).

PER CURIAM

Plaintiff Christa Gross appeals from a December 15, 2017 order granting summary judgment in favor of defendant Fotinos Enterprises. Defendant leased certain premises to a tenant, Middletown Pancake House, pursuant to a written lease agreement. Plaintiff, an employee of the restaurant, tripped and fell over a cinder block used to prop open an exterior door at the restaurant. Plaintiff argued her fall was a result of defendant's breach of a duty to inspect the premises pursuant to the lease agreement and failure to enforce the lease violations. We disagree and affirm.

Plaintiff worked as a hostess at the restaurant. During the summer months, the employees of the restaurant would occasionally use a cinder block to prop open the front door. In September 2013, plaintiff tripped and fell over the cinder block and sustained injuries to her arm and shoulder.[1] She filed a personal injury complaint against defendant.

The written lease agreement contained a provision stating, "[t]enant shall neither encumber nor obstruct the sidewalks, driveways, yards, entrances, hallways and stairs, but shall keep and maintain the same in a clean condition, free from debris, trash, refuse, snow and ice." The parties agree the lease is a

---

[1] During her deposition, plaintiff testified she tripped over the cinder block, stored underneath a bench used by patrons waiting to dine at the restaurant, when she was wiping leaves off the bench.

A-2058-17T4

triple-net lease, imposing liability on the tenant for all maintenance, repairs, insurance, taxes, and other charges associated with the property.

After completing discovery, defendant filed a motion for summary judgment based on language in the lease agreement, which defendant contends absolved it from any responsibility for plaintiff's injuries. Plaintiff opposed the motion, arguing defendant had an obligation to enforce the terms contained in the lease agreement. Specifically, plaintiff focused on the lease provision prohibiting the tenant from placing any encumbrances that interfered with the use of the property.

The judge granted defendant's motion for summary judgment. The judge found defendant had no duty to enforce provisions in the lease. The judge concluded the lease agreement expressly delegated all responsibility for maintenance of the leased premises to the tenant. The judge considered plaintiff's argument that because a representative of defendant dined at the restaurant, defendant should have known the tenant was using a cinder block to prop open the front door, thus "encumbering" the premises in violation of the lease agreement. The judge noted that while defendant's representative may have visited the leased premises a few times annually, he was unaware the tenant was using the cinder block as a doorstop.

3

On appeal, plaintiff contends the judge erred in granting defendant's motion for summary judgment as defendant had a duty to inspect the property and enforce any violations of the lease by the tenant.

We review a grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). See also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). The "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382 (2010) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Having reviewed the record, particularly the terms of the triple net lease, we agree defendant owed no duty to plaintiff to inspect the premises or enforce any violations of the lease by the tenant. The lease agreement clearly and unambiguously requires the tenant to take responsibility for all aspects of the

property, including maintenance. The record lacks any evidence that defendant supervised the tenant's day-to-day operations at the premises or was even aware the tenant used a cinder block to prop open the restaurant's front door. The judge's determination is consistent with our decisions in Geringer v. Hartz Mountain Dev., 388 N.J. Super. 392, 400-01 (App. Div. 2006) (holding the landlord owed no duty to repair or maintain an interior stairway in the leased premises where the triple-net lease required the tenant to undertake repair and maintenance of the leased property) and McBride v. Port Auth. of N.Y. and N.J., 295 N.J. Super. 521 (App. Div. 1996) (holding the landlord not liable for an employee's injuries on premises leased to her employer where the landlord contractually delegated responsibility for maintenance and repair to the tenant-employer under a written lease).

The judge correctly found Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 439 (1993), relied upon by plaintiff in opposition to defendant's motion for summary judgment, was inapplicable. Unlike the facts in Hopkins, involving the duty of a real estate broker to potential home purchasers during an open-house, there is no public interest or other compelling policy reason to impose a duty on defendant in this case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2058-17T4